UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-61026-WPD

CYNTHIA E. KISSNER,
on her behalf and on behalf of all
others similarly situated, and
LEONARD WERNER, on his
behalf and on behalf of all others
similarly situated

       Plaintiffs,

v.

McDONALD'S CORPORATION,
a Delaware corporation, et al.,

   Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
## AMENDED CLASS ACTION COMPLAINT

THIS CAUSE is before the Court upon Defendants, McDonald's Corporation ("McDonald's Corp.") and McDonald's USA, LLC ("McDonald's USA") (collectively, "McDonald's Corporate")'s Motion to Dismiss Class Action Complaint, filed herein on August 27, 2018. [DE 28]. The Court has carefully considered the Motion [DE 28], Plaintiffs Cynthia E. Kissner and Leonard Werner (collectively, "Plaintiffs")'s Response [DE 35], Defendants' Reply [DE 38], and is otherwise fully advised in the premises.

**I.**    **Background**

Plaintiffs bring this action on behalf of themselves and a putative class over their claim that at some point in time, after years of offering its customers both Quarter Pounder hamburgers and Quarter Pounder with cheese hamburgers as separate menu items, some McDonald's franchised restaurants have ceased listing on their menus a Quarter Pounder hamburger, but

rather, list on their menu only a Quarter Pounder with cheese hamburger. *See* [DE 19] at ¶¶ 3-4. This results in the situation in which a customer who wants their Quarter Pounder hamburger without cheese to order and pay for a Quarter Pounder with cheese and to request no cheese. ¶ 4. "As a result, notwithstanding the availability of Quarter Pounders® and Double Quarter Pounders®, customers are being overcharged for these products, by being forced to pay for two slices of cheese, which they do not want, do not order or receive, to be able to purchase their desired product." ¶ 5. Plaintiffs further allege that "[r]ecently, McDonald's has resumed advertising and offering the Quarter Pounder®, which can be ordered through its mobile app, and through computerized kiosks located in certain of its restaurants. Nonetheless, if a customer places their order at the counter or a drive through window of the restaurant, they still cannot purchase a Quarter Pounder®, and instead, are required to order and pay for a Quarter Pounder® with cheese, thereby being forced by pay for cheese that is not wanted or received." ¶ 6.

Based upon this unwanted cheese vexation, Plaintiffs bring three claims: Count I – Sherman Act Tying Arrangement; Count II – Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501, *et seq.* ("FDUTPA"); and Count III – Unjust Enrichment. First, Plaintiffs claim that the practice of forcing customers to pay for cheese they do not receive as a condition to purchasing a Quarter Pounder®, a Double Quarter Pounder®, or a value meal that includes one of these products, is anticompetitive, and a *per se* violation of the antitrust laws, constituting an illegal tying arrangement. Second, Plaintiffs contend that this practice is also unfair, and is deceptive and misleading to the public, because notwithstanding the product history, promotion, advertising and availability of the Quarter Pounder® and the Double Quarter Pounder®, these products are not always being offered for sale either separately, or as part of a value meal, and instead the customer is being overcharged, and being compelled to pay for

unwanted and undelivered cheese.  Third, Plaintiffs state that Defendants are being unjustly enriched by these practices because they receive payment to which they are not entitled for cheese that is not delivered to their customers.

Defendants move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of standing, contending that Plaintiffs have not suffered any injury caused by Defendants.  Alternatively, Defendants move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Upon consideration of Defendants' Rule 12(b)(1) argument, the Court finds that, although couched in terms of subject matter jurisdiction, standing, and injury, Defendants are, in substance, challenging the merits of the underlying claims, introducing facts intended to demonstrate to the Court that they did not engage in the actions of which Plaintiffs complain.  In light of the foregoing, the Court finds that Defendants' challenge to Plaintiff's standing, premised on the facts asserted in the Lawver, Snyder, and Lopez declarations [DE's 21-1, 21-2, 21-3], is more properly raised as a motion for summary judgment.

Defendants' Rule (12)(b)(6) arguments, on the other hand, are well-taken.  For the reasons set forth below, the Court agrees with Defendants that each of Plaintiffs' claims asserted in this lawsuit must be dismissed, with prejudice, for failure to state a claim.

**II.     Standard of Review**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that

asserts mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And "on the assumption that all the allegations are true (even if doubtful in fact)," the factual allegations pleaded "must be enough to raise a right to relief above the speculative level." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (brackets in original) (quoting Fed. R. Civ. P. 8(a)(2)). "The Supreme Court has employed a 'two-pronged approach' in applying the foregoing principles: first, a reviewing court should eliminate any allegations in the complaint that are merely legal conclusions; and second, where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Boyd v. Warden, Holman Correctional Facility*, 856 F.3d 853, 864 (11th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 679).

### III. Discussion

#### A. Count I – Sherman Act Tying Arrangement

In Count I, Sherman Act Tying Arrangement, Plaintiffs claim that the practice of forcing customers to pay for cheese they do not receive as a condition to purchasing a Quarter Pounder®, a Double Quarter Pounder®, or a value meal that includes one of these products, is

anticompetitive, and a *per se* violation of the antitrust laws, constituting an illegal tying arrangement.

"A tying arrangement is 'an agreement by a party to sell one product but only on the condition that the buyer also purchase a different (or tied) product.' " *Eastman Kodak v. Image Technical Servs., Inc.*, 504 U.S. 451, 461 (1992) (quoting *N. Pac. R. Co. v. United States*, 356 U.S. 1, 5–6, (1958)). Tying arrangements are unlawful "[b]ecause they deny competitive access to the tied product market on the basis of the seller's leverage in the tying product market, and force buyers to forego free choice between sellers." *Ohio–Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 585 F.2d 821, 834 (7th Cir. 1978). "A tying arrangement is not illegal, however, simply because two products are sold together in the same package." *Tic-X-Press, Inc. v. Omni Promotions Co. of Georgia*, 815 F.2d 1407, 1414 (11th Cir. 1987), *holding modified by Thompson v. Metro. Multi-List, Inc.*, 934 F.2d 1566 (11th Cir. 1991)

> [A] plaintiff must establish the following four elements to prove that a tying arrangement is illegal *per se:* 1) that there are two separate products, a "tying" product and a "tied" product; 2) that those products are in fact "tied" together— that is, the buyer was forced to buy the tied product to get the tying product; 3) that the seller possesses sufficient economic power in the tying product market to coerce buyer acceptance of the tied product; and 4) involvement of a "not insubstantial" amount of interstate commerce in the market of the tied product.

*Tic-X-Press*, 815 F.2d at 1414.

Here, Plaintiffs' attempt to fit a hamburger with cheese into these required elements is absurd and fails. Per the Amended Complaint, a Quarter Pounder with no cheese (the "tying" product) and cheese (the "tied" product) are separate and distinct products, both of which are offered for sale and can be purchased separately in McDonald's restaurants. [DE 19] at ¶ 82. Post-*Twombly*, "[d]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Iqbal*, 556 U.S. at 679.  The Court agrees with Defendants that, while "cheese" is a component to several McDonald's menu items, Plaintiffs do not (and cannot) allege facts to show that a slice of "cheese" is a separate and distinct menu item with a separate and independent market that is being tied to the purchase of the Quarter Pounder or Double Quarter Pounder.  Plaintiffs also have failed to allege – and cannot allege – facts to show there is a separate demand for a slice of "cheese" as a McDonald's menu item or product that is separate and distinct from any sandwich or other product.  Under any common sense analysis, there is no market for a customer to come into a McDonald's restaurant and order a slice or two of "cheese" as a product that is separate, distinct, and independent from any other product or menu item.  Nor is there a separate product market for a customer to order a slice of tomato, or a slice of lettuce, or a slice of pickle, etc.  This allegation does not meet the plausibility test of *Twombly/Iqbal*.  Moreover, Plaintiffs' allegation that Defendants' actions involve a not insubstantial amount of interstate commerce in the product market of the tied product, cheese, is not supported by factual allegations, nor does it meet the *Twombly/Iqbal* plausibility hurdle for surviving a motion to dismiss, as this allegation belies common sense.  The Court need not address the remaining fatal flaws permeating this Sherman Act tying claim.

### B. Count II – Violation of FDUTPA

Count II claims a violation of FDUTPA.  To sustain a FDUTPA claim, a plaintiff must show "(1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." *Dolphin LLC v. WCI Cmtys., Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013). *See also Casa Dimitri Corp. v. Invicta Watch Co. of Am., Inc.*, 270 F. Supp. 3d 1340, 1351 (S.D. Fla. 2017); *Martorella v. Deutsche Bank Nat. Trust Co.*, 931 F. Supp. 2d 1218, 1223 (S.D. Fla. 2013).

Plaintiffs' FDUTPA claim fails from the start, as the allegations do not demonstrate an unfair or deceptive act or practice.  There is nothing unfair or deceptive about the Quarter

Pounder hamburger and cheese sales at different McDonald's restaurants as alleged in the Amended Complaint. If a particular McDonald's restaurant does not list an item on its counter or drive through menu and a customer placing his order at the counter or drive through requests a customization of the offered product, a customer is not being deceived or otherwise treated unfairly by not being charged less. The FDUTPA claim fails under *Twombly/Iqbal*.

### C. Count III – Unjust Enrichment

A plaintiff alleging unjust enrichment must set forth facts sufficient to demonstrate the following elements: (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. *Silver Crown Investments, LLC v. Team Real Estate Management, LLC*, No. 16-21179-CIV, 2018 WL 4679718, at *10 (S.D. Fla. Sept. 29, 2018).

In Count III, Plaintiffs claim that McDonald's Cos. has has been unjustly enriched to the extent of the amount it receives for cheese that is not delivered to its customers. First, this allegation is nonsensical as the cheese "not delivered" to the customer has been requested by that customer to not be delivered, as opposed to being requested to be put on the side, etc. The circumstance of the alleged enrichment here is not inequitable and therefore cannot form the basis of an unjust enrichment claim. The unjust enrichment claim also fails under *Twombly/Iqbal*.

Lastly, while the Court need not address additional grounds for dismissal, the Court notes that it agrees with Defendants that the unjust enrichment claim, even had it been sufficiently pled, would also be barred in this case by Florida's voluntary payment doctrine. "The voluntary payment doctrine provides that 'where one makes a payment of any sum under a claim of right

with knowledge of the facts, such a payment is voluntary and cannot be recovered.' " *Ruiz v. Brink's Home Sec., Inc.*, 777 So.2d 1062, 1064 (Fla. 2d DCA 2001) (quoting *City of Miami v. Keton*, 115 So.2d 547, 551 (Fla. 1959)).  "The theory behind the doctrine is that if a party would resist an unjust demand of payment, he must do so at the threshold." *McDermott v. L.A. Fitness Int'l, LLC*, No. 211CV192FTM36DNF, 2012 WL 13098143, at *5 (M.D. Fla. Mar. 21, 2012) (citation omitted).

### IV.  Conclusion

For the reasons stated, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Class Action Complaint [DE 28] is hereby **GRANTED**;

2. Plaintiffs have failed to state any viable claims after two attempts.  Moreover, it is clear that additional amendments would be futile.  Therefore, the above-styled case is **DISMISSED WITH PREJUDICE**;

3. The Clerk is **DIRECTED** to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of November, 2018.

*[signature]*

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record